In re Stanley P. PUTNAM, Jr., Donna Ree Putnam, Debtors.

Charles W. GRANT, Trustee, Plaintiff,

v.

Stanley P. PUTNAM, Jr. and Ethel M. Putnam, Defendants.

Bankruptcy No. 87–496–BK–J–7.
Adv. No. 87–180.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

May 13, 1988.

---

Ronald Bergwerk, Jacksonville, Fla., for plaintiff.

Ronald H. Peacock, Sarasota, Fla., Donald W. Matthews, Jacksonville, Fla., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This proceeding is before the Court upon complaint seeking a revocation of the defendant, Stanley P. Putnam, Jr.'s, bankruptcy discharge predicated upon 11 U.S.C. § 727(d)(1) and (2). A trial of this cause was held on March 10, 1988, at the conclusion of which the Court instructed the parties to submit briefs in support of their arguments. Upon the evidence and arguments so presented, the Court makes the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. The defendant, Stanley P. Putnam, Jr., filed a petition for relief under Chapter 7 of the Bankruptcy Code on April 6, 1987, and was subsequently discharged on July 29, 1987.

2. At the time of the petition, the defendant was an heir of his deceased father's estate. However, he did not disclose such interest on his bankruptcy schedules or statement of affairs.

3. The trustee became aware of the defendant's interest two days after the discharge when the trustee received information that a probate estate was pending. Upon inquiry the trustee secured a copy of a Waiver and Consent form signed by the defendant on June 15, 1987, waiving his interest in his father's estate.

4. At trial, the defendant testified that he had advised his attorney of his interest in the probate estate but that he believed that he was not entitled to any distribution from it because of money he had borrowed from his deceased father.

5. The co-defendant, Ethel Putnam, introduced into evidence a promissory note from her son in the amount of $38,000.00 payable to Stanley P. Putnam, Sr. The note was dated April 18, 1978, and was "due upon demand within one calendar year."

6. Although the full balance of the note together with accrued interest remained

outstanding at the time of Stanley Putnam, Sr.'s, death, the note was not included in the probate estate. Ethel Putnam testified that, as the personal representative of the estate, she had decided to withdraw the note from the estate in order to reduce administrative expenses.

7. The inventory filed in the probate case indicated cash of $65,787.39 and non-homestead real property with an estimated value of $75,000.00. There were five surviving children of the decedent who, according to Florida law, would be entitled to share equally in 50% of the net estate after the $20,000.00 widow allowance; entitling the defendant to approximately $11,500.00 as a beneficiary of the estate.

8. Inasmuch as Stanley P. Putnam, Jr.'s, interest in the probate estate was substantially less than his indebtedness, he was informed that he would not receive a distribution. To facilitate closing the probate estate, the personal representative, after consultation with her lawyer, furnished to the probate court the Waiver and Consent signed by Stanley P. Putnam, Jr. The probate estate was then closed.

9. The trustee brought this action seeking to revoke the discharge of Stanley P. Putnam, Jr., citing failure to disclose this interest in his father's estate. In addition, the trustee alleges that the Waiver and Consent was a post-petition transfer of property of the estate that was not authorized under the Bankruptcy Code, or by this Court, and is therefore voidable pursuant to 11 U.S.C. § 549(a). Lastly, the trustee seeks a judgment that the Waiver and Consent is void as an attempt to disclaim an interest in property barred by the provisions of § 732.801(6)(a), Florida Statutes.

## CONCLUSIONS OF LAW

1. The trustee in the instant case seeks to revoke the defendant debtor's discharge under 11 U.S.C. § 727(d)(1), or in the alternative, under 11 U.S.C. § 727(d)(2). Section 727(d) provides, in pertinent part,

> On request of the trustee, ... and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if—

> (1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge; [or]

> (2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee; ....

2. The requisite fraud which must be shown under this section is the same as required under Section 15 of the 1898 Bankruptcy Act, that is, fraud in fact or intentional misconduct by the debtor, a mistake in law being insufficient. *Collier on Bankruptcy* (15th Edition) para. 727.15[2].

3. Section 727(d)(1) requires both the existence of fraud in procuring the discharge and proof that the party requesting the revocation of the discharge did not know of such fraud until after the granting of the discharge. The plaintiff in the instant case has satisfied the second prong of § 727(d)(1), as he did not become aware of the defendant's beneficial interest in his father's estate until two days after the granting of the discharge. However, the Court finds that the plaintiff has not met his burden with regard to the first prong in that he has failed to show that defendant acted fraudulently in obtaining his discharge.

4. The evidence presented established that the defendant owed his father's estate $38,000.00, plus interest, and that his share as a beneficiary of the estate would not be more than $11,500.00. The defendant had advised his attorney of his interest in the estate but both believed he was not entitled to any distribution from the estate because of the money he had borrowed from his father prior to the death.

5. Although the defendant clearly owed the probate estate more than he was entitled to receive as a beneficiary, he should have found a better way to disclaim his

interest. Nevertheless, the Court finds that defendant's mistake of law is insufficient to support the trustee's claim that these facts constitute the requisite fraudulent intent on the part of the defendant in the procurement of his discharge so as to justify revocation.

6. Under § 727(d)(2) the plaintiff has the burden of proving that the debtor acted with the intention of defrauding the estate by failing to report the acquisition of or entitlement to property of the estate, or acted so recklessly, that a finding of fraud is justified. *In re Puente,* 49 B.R. 966, 969 (Bkrptcy.W.D.N.Y.1985).

7. The defendant in the present case signed a Waiver and Consent signifying that he waived his interest in his father's estate. The Waiver and Consent was signed at the request of the personal representative of the probate estate and her attorney to facilitate the closing of the estate. At the time of the signing the defendant believed that he was not entitled to any distribution and therefore acted accordingly. These facts fail to establish that he acted "knowingly and fraudulently."

8. Based upon the evidence presented at trial, the character and demeanor of the witnesses, the Court finds that the discharge of Stanley P. Putnam, Jr., should not be revoked. Having so found the Court finds it unnecessary to address the plaintiff's other claims.

The Court will separately enter a final judgment in favor of the defendants in accordance with these findings.

### FINAL JUDGMENT FOR DEFENDANTS

Upon Findings of Fact and Conclusions of Law separately entered, the Court finds for the Defendants. Accordingly, it is:

ORDERED AND ADJUDGED as follows:

1. Plaintiff's Complaint seeking a revocation of defendant Stanley P. Putnam's discharge is DISMISSED.

2. The discharge granted to Defendant, Stanley P. Putnam, Jr., shall stand and remain valid for all purposes intended by law.