**In re Raymond H. ALFONSO, Debtor.**

**Milton Gene FRIEDMAN, Trustee, Plaintiff,**

v.

**Raymond H. ALFONSO, Defendant.**

**Bankruptcy No. 88–01953–BKC–SMW. Adv. No. 88–0447–BKC–SMW–A.**

United States Bankruptcy Court, S.D. Florida.

Dec. 20, 1988.

Arthur C. Neiwirth, Fort Lauderdale, Fla., for trustee.

Steven R. Brownstein, Miami, Fla., for debtor.

Milton G. Friedman, Fort Lauderdale, Fla., trustee.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE having come before the Court upon the complaint of Milton Gene Friedman (the "trustee") against Raymond H. Alfonso (the "debtor") objecting to the debtor's discharge, pursuant to 11 U.S.C. § 727(a)(4)(A) and the Court having heard the testimony, examined the evidence presented, observed the candor and demeanor of the witnesses, considered the arguments of counsel and being otherwise fully advised in the premises, does hereby make the following Findings of Fact and Conclusions of Law:

Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 157(a), (b) and § 1334 and the district court's general order of reference. This is a core proceeding in which the Court is authorized to hear and determine all matters relating to this case in accordance with 28 U.S.C. § 157(b)(2)(J).

Before the commencement of the bankruptcy trial the trustee agreed to proceed only under 11 U.S.C. § 727(a)(4)(A) and voluntarily dismissed counts III and IV of the complaint under 11 U.S.C. § 727(a)(2)(B).

The debtor filed for bankruptcy in May 1988 and failed to list various assets and business ventures on his schedules and statement of financial affairs. In particular, the debtor omitted all reference to seven corporations with which he was associated or in which he held stock and an ownership interest in a condominium. Also, the debtor failed to disclose that he had lived in Texas and conducted business there during the latter part of 1987 and early 1988.

Furthermore, the debtor failed to disclose a pending contract to sell a house and a contract for the purchase of property, along with the deposit monies tendered with relation to both contracts. Additionally, the debtor listed stock ownership in two corporations but indicated that said stock had zero value. However, it was later determined that the stock had value by virtue of the assets discovered in the corporations.

The trustee alleges that the debtor's discharge should be denied for his failure to disclose various assets and business ventures on his schedules and statement of financial affairs under 11 U.S.C. § 727(a)(4)(A). Under 11 U.S.C. § 727(a)(4)(A) the Court shall grant the debtor a discharge, unless "the debtor knowingly and fraudulently, in or in connection with the case . . . made a false oath or account." A debtor's intent to defraud may be inferred from the totality of the circumstances. *In re Cabrera*, 71 B.R. 200 (Bankr.S.D.Fla.1987).

The purpose of 11 U.S.C. § 727(a)(4)(A) is to insure that adequate information is available to those interested in the administration of the bankruptcy estate without the need of examinations or investigations to determine whether the information provided is true. *In re Watkins*, 84 B.R. 246 (Bankr.S.D.Fla.1988). Even if the assets are worthless or unavailable to creditors, the debtor has an obligation of full disclosure. *In re Watkins*, 84 B.R. at 250. Moreover, even though schedules are filed in haste, a debtor's failure to promptly amend the schedules is considered a reckless indifference to the truth which is the equivalent of fraud. *In re Nazarian*, 18 B.R. 143 (Bankr.D.Md.1982). *See also Zangen v. Glickman (In re Glickman)*, 64 B.R. 616, 618 (Bankr.S.D.Fla.1986).

The debtor defends his actions by claiming that his business interests are worthless and of no value. However, a debtor may not escape disclosure under 11 U.S.C. § 727(a)(4)(A) by asserting that the information omitted concerns worthless business relationships or holdings. *Chalik v. Moorefield (In re Chalik)*, 748 F.2d 616, 618 (11th Cir.1984). Creditors are entitled to judge for themselves what will benefit, and what will prejudice, them. *In re Chalik*, 748 F.2d at 618.

Additionally, the debtor argues that non-disclosure of his business interests should not be deemed material and thereby preclude his discharge. Materiality of the false oath does not require that the creditors be prejudiced by the omission or false statement; instead materiality depends on whether the false oath was pertinent to the discovery of assets, business dealings or past transactions. *National Bank of Pittsburg v. Butler (In re Butler)*, 38 B.R. 884, 889 (Bankr.D.Kan.1984); *In re Wasserman*, 33 B.R. 779, 780 (S.D.Fla.1983); *In re Chalik*, 748 F.2d at 618. In failing to disclose the debtors past business dealings and assets in his schedules, the creditors were hindered from discovering a past transaction to which they might have objected.

The Court finds that the schedules and statement of financial affairs filed by the debtor contained false statements and material omissions. While the omission of one or two relatively small or immaterial matters would not affect the ability to obtain a discharge, it is this Court's determination that the extent and volume of the omissions as well as the importance of the information omitted is sufficient to substantiate the denial of discharge under 11 U.S.C. § 727(a)(4)(A).

Finally, the debtor argues that he had tendered to his attorney all of the information necessary to fill out the schedules and statement of financial affairs, but his attorney, through inadvertence had failed to include the information. In addition, the debtor indicated that he had signed the bankruptcy petition before it was completed and thereafter did not find it necessary to make any additions or corrections on the petition. At the § 341 Meeting of Creditors the trustee specifically asked the debtor if he had reviewed the schedules and whether or not there were any changes, omissions or deletions that needed to be made to the schedules. The debtor indicated at the § 341 meeting that he had reviewed his petition and that there were no changes, omissions or deletions necessary.

The Court finds that the debtor improperly signed the bankruptcy petition before its completion and, thereafter, failed to examine the petition to determine its accuracy and file any necessary amendments. The debtor did not begin submitting the additional documentation until the trustee inquired about the undisclosed assets and

business interests. Furthermore, it was not until five months after the filing of the bankruptcy petition that the debtor submitted a list (Exhibit 4) wherein he disclosed some of the business entities which had been previously omitted.

Based upon the foregoing, this Court finds that the debtor's false oath were knowingly and fraudulently made, and they related to a material fact. Therefore, discharge is denied under 11 U.S.C. § 727(a)(4)(A).

A separate Final Judgment of even date has been entered in conformity herewith.

DONE and ORDERED.