In re Gerald D. MOORE and Carol J.
Moore, Debtors.

WATKINS UNLIMITED, INC., Plaintiff,

v.

Gerald D. MOORE and Carol J.
Moore, Defendants.

Bankruptcy No. 88–1346–BKC–3P7.
Adv. No. 88–157.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Sept. 6, 1989.

Ronald Bergwerk, Jacksonville, Fla., for
plaintiff.

Julian Pinkston, Jacksonville, Fla., for
defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy
Judge.

The trial in this adversary proceeding
was held on May 3, 1989 and June 15, 1989.
Upon the evidence, the Court makes the
following Findings of Fact and Conclusions
of Law:

### FINDINGS OF FACT

The debtors/defendants filed their petition for relief under Chapter 7 of the Bankruptcy Code on June 17, 1988.

On July 13, 1988, plaintiff filed a complaint objecting to the defendant's discharge pursuant to 11 U.S.C. § 727(a)(2)(A) & (a)(4), alleging that defendant Carol J. Moore intended to hinder, delay or defraud creditors or the trustee by concealing property owned by her by failing to disclose ownership of fifty shares of stock (representing 50% of the outstanding stock) in the Fort Caroline Learning Tree (Learning Tree) and that she knowingly and fraudulently made a false oath or account in the case by failing to disclose such ownership.

The complaint additionally alleges that defendant/debtor Gerald T. Moore, husband of Carol Moore, had transferred property of his estate within one year prior to the filing of the petition with the intent to hinder, delay or defraud creditors by surrendering fifty (50) shares of common

stock in the Learning Tree and by trading his automobile toward the purchase of a corporate vehicle. It was also alleged that he had knowingly and fraudulently made false oaths or accounts in the case by failing to disclose in his Statement of Financial Affairs these transfers.

Gerald Moore is a pastor and his wife operates the Learning Tree, a child day care center located on church grounds. Initially the child care center was owned as a proprietorship by both defendants but was later incorporated with the Defendants each taking fifty shares of stock. There were no other stockholders.

Learning Center has been in existence since 1985 and for the last two years has grossed approximately $200,000.00 without showing a profit. Gerald Moore did not receive any salary or stock dividends as an officer. Carol Moore earns an annual salary of $19,000.00. It employs seventeen and enrolls approximately 75 children.

The assets of Learning Tree consist of a time share condominium in Palm Coast, Florida, for one week per year, valued at $9,000 subject to a $7,000 mortgage; and $750 worth of tables, books, and chalkboards valued at $750.00.

It also owns a 1988 Mercury automobile valued at $14,000 subject to a purchase money indebtedness of $15,000. It was toward the purchase of this automobile that Gerald Moore traded his 1984 Oldsmobile (valued at $4,935.17) in March of 1988. Although the payments on the automobile note are maintained by Learning Tree, Mr. Moore pays for the gasoline and maintenance. The transfer of Mr. Moore's car toward the purchase of the corporate automobile was not reflected in the schedules. It was clear from the testimony that the automobile was for Gerald Moore's personal use and any use for corporate purposes was incidental.

On February 22, 1988, Gerald Moore resigned his position as an officer of Learning Tree stating that the Board of Elders of the church requested that he sever all ties with the corporation to eliminate liability. Gerald Moore surrendered his fifty shares of stock to the corporation by delivery to Carol Moore with his letter of resignation, but the certificates were never formally assigned back to the corporation. However, fifty shares were subsequently issued to G. Thomas Moore, the son of the debtor. No consideration was paid for either of these stock transfers.

In May of 1988, the Debtors arranged for a friend to pay off all of their credit card debt.

The only unsecured debts scheduled were those to the plaintiff, the business lease, advertising debt, and the personal loan that paid off the credit cards. The schedules and statement of affairs did not disclose the transfers of the Oldsmobile or stock by Gerald Moore or the ownership of the corporate stock by Carol Moore.

At trial, Carol Moore testified that she "forgot" she owned the Learning Tree and inadvertently left the stock off the schedules.

## CONCLUSIONS OF LAW

Discharge of a debtor in Chapter 7 is governed by Section 727 of the Bankruptcy Code. A debtor is entitled to discharge unless he or she intentionally engages in fraudulent or improper acts. Section 727(a)(2)(A) provides in relevant part as follows:

(a) The Court shall grant the debtor a discharge unless:

(2) The debtor, with intent to hinder, delay or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated or concealed

(A) Property of the debtor within one year before the date of filing the petition. . . .

Similarly, Section 727(a)(4) denies a discharge to any debtor who ". . . knowingly and fraudulently, in or in connection with the case . . . made a false oath or account."

■ Because proof of actual intent is generally unavailable through direct evidence, courts have traditionally relied upon certain well defined badges or indicia of

fraud to presume fraudulent intent. These include:

(1) A relationship between the debtor and the transferee;

(2) Lack of consideration between for the conveyance;

(3) Insolvency or indebtedness of the debtor;

(4) The transfer of the debtor's entire estate;

(5) Reservation of benefits, control or dominion by the debtor;

(6) Secrecy or concealment of the transaction;

(7) Pendency or threat of litigation at the time of the transfer.

*In re Warner,* 87 B.R. 199 (Bankr.M.D.Fla. 1988).

■ Each of these elements is present with respect to Gerald Moore's transfer of the automobile and the stock.

■ The defendants argued that the stock transfer was of no consequence because the stock itself had no value. It is no defense to an objection to discharge proceeding to assert that the information omitted concerned worthless business relationships or holdings. *In re Chalik (Chalik v. Moorefield),* 748 F.2d 616 (11th Cir. 1984). The trustee and creditors are entitled to judge for themselves what information is material to the bankruptcy administration. *Id.* at 618. This doctrine was recently applied in *In re Alfonso (Friedman v. Alfonso),* 94 B.R. 777 (Bankr.S.D.Fla. 1988). There, the court stated that "materiality of the false oath does not require that the creditors be prejudiced by the omission or false statement; instead, materiality depends on whether the false oath was pertinent to the discovery of assets, business dealings or past transactions". *Id.* at 778. In failing to disclose the debtor's past dealings and assets in his schedules, the creditors were hindered in discovering a past transaction to which they might have objected. *Id.* at 779. The debtor's discharge was denied.

In another case in which the debtor failed to schedule prior ownership and transfer of corporate shares to his wife, the debtor's discharge was denied. This was so even though the debtor admitted to the omission at the meeting of creditors. *In re Just (First Florida Bank, N.A. v. Just),* 97 B.R. 98 (Bankr.M.D.Fla.1989).

■ Discharges are for honest debtors. *In re Hammerstein,* 189 F. 37 (2nd Cir. 1911). The essence of bankruptcy is that debtors come before the court, surrender their non-exempt assets, and in return receive a discharge from scheduled debts. The transfer of the automobile and corporate stock by Gerald Moore was made with intent to hinder, delay, or defraud a creditor or the trustee. The failure of the debtors to disclose the stock ownership or the transfers in the bankruptcy statement and schedules were false oaths as proscribed by 11 U.S.C. § 727(a)(4). This conduct must result in a forfeiture of the discharge.

A final judgment will be separately entered denying the discharges of the Debtors.