**In re Robert DESKINS and Linda Deskins, Debtors.**

**Richard A. BAUMGART, Trustee, Plaintiff,**

v.

**Robert DESKINS, Defendant.**

**Bankruptcy No. 92–15399.
Adv. No. 93–1630.**

United States Bankruptcy Court, N.D. Ohio, Eastern Division.

Sept. 6, 1994.

Michael A. Arnovitz, Dettlebach, Sicherman & Baumgart, Cleveland, OH, for plaintiff.

Jonathan Rich, Zachin, Rich & Sutula Co., Cleveland, OH, for defendant.

*MEMORANDUM OF OPINION
AND ORDER*

RANDOLPH BAXTER, Bankruptcy Judge.

## I.

This adversary proceeding came on for trial on the 27th day of July and 16th day of August, 1994, on the Trustee's Complaint to Revoke and Deny Discharge pursuant to 11 U.S.C. § 727(d)(1) and/or (d)(2) on the basis that Robert Deskins (Deskins) fraudulently concealed assets from the bankruptcy Trustee. As such, the case falls within this Court's core jurisdiction. 28 U.S.C. § 157(b)(2), (5).

## II.

This case, along with the corporate case,[1] was filed on October 1, 1992. The section 341 meeting of creditors was held on November 9, 1992. The Trustee filed a Report of No Assets on November 18, 1992. No adversary proceedings were initiated. The Debtors received their discharge on February 9, 1993 and the case was closed on May 5, 1993.

On June 28, 1993, the Trustee withdrew his Report of No Assets. He moved to reopen the case on August 12, 1993. On August 13, 1993, he filed a Complaint to Avoid Liens and to Determine the Validity, Priority and Extent of Liens, Ownership and Claims to Personal Property and Proceeds Thereof,

---

1. Deskins, Inc., dba Deskins Trucking and dba D & S Demolition and Excavating Co., a corporation solely owned by Robert Deskins, filed a bankruptcy petition the same time Robert and Linda Deskins filed their petition. That case, No. 92–15410, is referred to herein as the corporate case.

along with a Motion for Temporary Restraining Order and Preliminary Injunction, and a Motion for Turnover. In essence, the Trustee sought recovery of two assets, a 1988 Fruehauf Semi Trailer (Trailer) and 1981 Mack Tractor Truck (Truck).

The Debtor consented to the Temporary Restraining Order, Preliminary Injunction and Motion for Turnover of the Trailer and Truck and the Trustee sold the same. The Trustee also successfully avoided the liens that Delois Jean Toppings (Toppings) held on the Trailer and Truck. Having obtained the assets for the estate, the Trustee commenced this action to revoke Robert Deskins' discharge.

Cross motions for summary judgment were filed by the parties. Finding that issues of material fact existed, the motions were denied and the case proceeded to trial.

## III.

Title 11 U.S.C. § 521 provides for the debtor's duties with respect to his or her bankruptcy. Therein, the debtor is instructed to file a list of creditors, schedules of assets and liabilities, schedules of current income and expenditures, and a statement of the debtor's financial affairs, surrender all property of the estate to the trustee and cooperate with the trustee. *See* Bankr.R. 1007(a), 4002.

Title 11 U.S.C. § 727(d) permits revocation of a discharge upon request of the trustee if:

(1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge; [or]

(2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee

. . .

11 U.S.C. § 727(d)(1)(2).

■ The plaintiff requesting revocation of the discharge bears the burden of proving its

case by a preponderance of the evidence standard. *See, In re Trost,* 164 B.R. 740 (Bankr.W.D.Mich.1994) (Choosing to apply the *Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991) standard of proof for § 523 dischargeability actions to § 727 complaints). The fraud required to revoke a discharge under § 727(d)(1) is fraud in fact or intentional misconduct by the debtor. *In re Putnam,* 85 B.R. 881, 883 (Bankr. M.D.Fla.1988). Mistake in law is insufficient to revoke a discharge under this section. *Id.*

■ Fraud in fact, in Ohio, is established by showing (1) a representation or, where there is a duty to disclose, concealment of fact, (2) material to the transaction at hand, (3) made falsely, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with intent of misleading another into relying upon it, (5) justifiable reliance upon the representation or concealment, and (6) resulting injury. *In re McLaren,* 136 B.R. 705 (Bankr. N.D.Ohio 1992).

## IV.

The Trustee based his assertion of fraud [2] on the fact that Deskins was the titled owner to the Truck and Trailer and did not disclose those assets on his personal bankruptcy petition, schedules, amendments thereto or during his 341 examination. This adversary proceeding revealed that Deskins also did not disclose the Truck and Trailer during his 341 examination in the corporate case. Further, the Truck and Trailer were improperly set forth in the corporate case. The only reference to the Truck and Trailer in the corporate case was made in "Schedule G—Executory Contracts and Unexpired Leases." Therein, an equipment lease of $17,500.00 was noted to Jean Toppings (Toppings).

The Trustee points to the timing of certain transfers to amplify that Deskins had knowledge that he was titled owner of the Truck and Trailer at the time he filed his petition. Specifically, Toppings' liens were noted postpetition on the titles to the Truck and Trailer approximately three weeks prior to the 341

---

**2.** The trustee's testimony that he did not learn of the events forming the bases of this complaint until after the granting of the discharge was uncontested.

examination in this case. Additionally, because the Truck and Trailer were still titled in Deskins' name, Toppings needed Deskins' cooperation to obtain licensing for the Truck and Trailer post-petition.

Mr. Deskins concedes these facts but maintains he did not intentionally conceal the Truck and Trailer from the Trustee in this case.

## V.

The pivotal testimony in this adversary proceeding was that of Deskins. Deskins maintained throughout his case that:

(1) he prepared draft petitions and schedules for this bankruptcy and the corporation's bankruptcy and gave those to his attorney for further review;

(2) contrary to his expectations, his attorney filed the draft petitions and schedules with the Bankruptcy Court without reviewing the same with Mr. Deskins or revising any information contained in the drafts;

(3) Deskins considered the Truck and Trailer to be business assets even though they were titled in his name;

(4) although titled in his name, he considered the Truck and Trailer to be owned by Delois Jean Toppings pre-petition because he gave them to her in partial settlement of a debt;[3]

(5) he disclosed his relationship to the Truck and Trailer and Toppings in Schedule G of the corporate filing; and

(6) he did not disclose the Truck and Trailer during the 341 examination because no one asked him questions that would elicit that information.

Deskins testimony was credible.

On cross-examination, the Trustee repeatedly elicited testimony that the Truck and Trailer were titled in Deskins' name but not disclosed in Deskins' petition, schedules, amendments thereto or the 341 examinations. These facts, however, were conceded by Deskins from the start. Those facts having been established, the issue to be resolved was whether these acts constituted fraud within the parameters of § 727(d)(1) or (2).

As stated *supra,* fraud is established by showing several elements conjunctively. The Trustee established that Deskins had a duty to disclose the Tractor and Trailer in this bankruptcy and did not; in light of Deskins' knowledge that his name was still on the titles, such non-disclosure was reckless; that the non-disclosure of the Tractor and Trailer were material to this bankruptcy (they were the only assets of value to the estate); and the Trustee was justified in relying on the petition, schedules and 341 examination. Such a showing satisfies all but the "intent" element of fraud.

■ Intent is difficult to prove. *In re Moore,* 104 B.R. 473 (Bankr.M.D.Fla.1989). Accordingly, this element is often satisfied by "badges of fraud," or circumstances suggestive of fraud. *Id.* To satisfy this element, the court may look to the surrounding circumstances such as inadequacy of consideration; family, or other close relationship between parties; retention of possession, benefit or use of the property in question; financial condition of the party both before and after the transaction; effect of transactions or course of conduct after incurring of debt; onset of financial difficulties; and general chronology of events and transactions under inquiry. *In re Wainsztein,* 117 B.R. 742 (Bankr.S.D.Fla.1990). To this end, the Court heard the testimony of Robert and Linda Deskins, Joseph Blackwell, Myron Watson, Joel Rathbone, Richard Baumgart, Joan Kodish and Delois Jean Toppings.

■ As stated above, the pivotal testimony was that of Defendant Robert Deskins. He disclosed the Truck and Trailer in Schedule G of the corporate case according to his belief that they were business assets transferred to Toppings pre-petition. (R. Deskins, Direct; P.X.11–29). He believed the Truck and Trailer belonged to Toppings pre-petition notwithstanding that the title remained in his name. (R. Deskins, Cross). Although his disregard for the effect of legal title was reckless, no intent to mislead the

---

**3.** Indeed, in Adversary Proceeding 93–1398, in which the Trustee recovered the Truck and Trailer for the estate and sold the same, Deskins did not claim any interest in the Truck or Trailer, nor did he claim an exemption in such property in this case.

Trustee has been shown. Without such a showing, the Trustee's case must fail.

Toppings' testimony was credible and corroborated Deskins' testimony, especially in light of the fact that she lost the Truck and Trailer in this bankruptcy proceeding and, thus, did not receive full compensation for her $17,500.00 debt from Deskins, Inc.[4]

It was clear that she had possession of the Truck and Trailer since approximately January, 1992. (R. Deskins, Direct; Cross; D. Toppings, Direct; Cross). She believed she owned those assets since July 28, 1992 when she made final payment on Deskins' purchase money loan on the assets (D. Toppings, Direct; Cross; D.X.21) and had Deskins sign a Bill of Sale with respect to the assets. (D. Toppings, Direct; D.S. 35–1, 35–2). She explained that she had Deskins execute security agreements on the Truck and Trailer in July 28, 1992 as she understood that Deskins was contemplating bankruptcy and wanted to protect her interests. (Id.; P.X.5). She also had Deskins execute installment notes on July 28, 1992 for "back up." (D. Toppings, Cross; D.X. 35–4). Toppings prepared the security agreement and bill of sale herself. (D. Toppings, Direct). She did not receive the titles to the Truck and Trailer until October of 1992. (Id.). She did not put the titles to the Truck and Trailer in her name because she did not have the money to pay the attendant costs of doing so. (D. Toppings, Cross).

These explanations of the chain of events regarding the transfers of interests were plausible. Indeed, when Deskins received the titles to the Truck and Trailer in October of 1992, he "signed them over to Jean" by signing the back of the titles and giving the titles to Toppings. (R. Deskins, Direct).

The Trustee introduced evidence regarding a plea entered by Deskins and Toppings with respect to a criminal indictment for fraudulent concealment of bankruptcy estate assets. (P.X. 19). The indictment included three counts; Count 1 addressed Deskins and Toppings' alleged concealment of assets in this case, Count 2 addressed Deskins and

Toppings' concealment of assets in the corporate case and Count 3 involved Deskins' alleged false statements given during the Trustee's examination in this case. Deskins and Toppings entered guilty pleas with respect to Count 2. This Count involved assets that are not the subject of this bankruptcy case or adversary proceeding and do not create an estoppel issue with respect to the Trustee's complaint.

The evidence further revealed that the 341 examinations conducted in this case and the corporation's case were not exhaustive. None of the examiners' inquiries were of a nature to cause Deskins to disclose the relationship with the Truck and Trailer. Schedule G clearly names Toppings with respect to an equipment lease yet no one inquired into that lease.

It is troublesome that the Truck and Trailer were not properly disclosed or discovered in this case. It appears, however, that any number of persons were in a position to easily discover the Truck and Trailer through the ordinary proceedings of bankruptcy but did not. Although Deskins did not properly disclose the Truck and Trailer, the Trustee has not met his burden of proving that Deskins' nondisclosure was intentional or fraudulent.

Accordingly, Judgment is hereby entered in favor of Defendant Deskins. The Complaint is dismissed and each party is to bear its own costs.

IT IS SO ORDERED.

---

4. Deskins and Toppings agreed that Deskins could pay off the $17,500.00 debt he owed Toppings by giving her the Truck and Trailer and giving her 6–12 months free consultation in the demolition business. (D. Toppings, Direct; R. Deskins, Direct).