### In re Nicholas C. ARGIANNIS and Elizabeth P. Argiannis, Debtors.

### Alexander G. SMITH, Trustee, Plaintiff,

### v.

### Nicholas C. ARGIANNIS and Elizabeth P. Argiannis, Defendants.

### Bankruptcy No. 90–05138–BKC–3P7. Adv. No. 94–171.

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

June 12, 1995.

Raymond R. Magley, Jacksonville, FL, for plaintiff.

Anne T. Payne, Jacksonville, FL, for defendants.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This proceeding came before the Court upon a complaint to revoke defendants' discharge pursuant to 11 U.S.C. § 727(d)(2) and § 727(e)(2)(B). Upon the evidence presented at trial on February 24, 1995, and February 27, 1995, the Court enters the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. At the time of their Chapter 11 filing on December 10, 1990, defendants owned and operated horse farming operations in Florida and Virginia.

2. Defendants continued as debtors in possession of these properties until their case was converted to chapter 7 on May 21, 1992.

3. After the case was converted, plaintiff was appointed as trustee and administered the estate until the defendants received their discharge on September 21, 1992.

4. In January, 1993, the plaintiff learned that the defendants were collecting rents on three parcels of property owned by them. The rents collected after conversion totaled $16,135.

5. The plaintiff first learned that defendants were leasing apartments and paddocks on a 180–acre farm in Calverton, Virginia (Calverton Farm). The plaintiff further learned that the defendants were boarding approximately 10 horses on the farm.

6. At the direction of defendants, the caretaker of the property collected rent, used portions of that income for maintenance costs relating to the property, and turned over the remaining proceeds to the defendants.

7. In a letter dated January 14, 1993, plaintiff advised the defendants to forward all rent proceeds to his office and to remove the horses from the property.

8. The plaintiff then learned of two lease agreements regarding a 34–acre farm in Aldie, Virginia (Aldie Farm) which was equitably owned by the defendants. After conversion, the defendants received $4,065 in rent from Gregory Mills, tenant occupying a house on the farm. Mills began paying rent to the plaintiff only after plaintiff learned of the lease agreement and instructed Mills to forward all rents to plaintiff's office.

9. The defendants also received $3,500 from Pat Carney who was leasing a barn and horse stalls on the Aldie Farm. Carney began making rent payments to the plaintiff when instructed to do so in January, 1993.

10. The plaintiff also learned that defendants were collecting rent from three tenants on a 65–acre farm in Gilbert Corner, Virginia (Gilbert Corner property). After conversion, defendants received $4,500 from Laxmi Ranch for lease of a barn and seven acres of land on the Gilbert Corner property. Defendants also leased 14 acres and several horse stalls to Michelle Shilkey and collected a total of $3,070 in rents after conversion.

11. The defendants leased the majority of the Gilbert Corner property to France Theunissen, who operated Hermite Stud Farm. At trial, plaintiff introduced evidence indicating that at the request of the defendants, Theunissen periodically collected rents from Laxmi Ranch, Michelle Shilkey, and Gregory Mills, deposited those rents in her Hermite Stud Farm account, and then forwarded those proceeds to the defendants.

12. On July 15, 1994, the plaintiff filed a complaint to revoke the defendants' discharge pursuant to 11 U.S.C. § 727(d)(2) and § 727(e)(2)(B), alleging that after conversion, defendants acquired property of the estate which they knowingly and fraudulently failed to report and deliver to the plaintiff.

### CONCLUSIONS OF LAW

In section 727(d)(2), the Bankruptcy Code provides:

(d) On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if—

(2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee . . .

11 U.S.C. § 727(d)(2). Thus the primary issues before the Court are whether the post-conversion rents collected by the defendants are property of the estate and whether the defendants knowingly and fraudulently failed to report the acquisition of those rents or deliver them to the plaintiff.

■ This Court has held that "[u]nder § 727(d)(2) the plaintiff has the burden of proving that the debtor acted with the intention of defrauding the estate by failing to report the acquisition of or entitlement to property of the estate, or acted so recklessly, that a finding of fraud is justified." *In re Putnam,* 85 B.R. 881, 884 (Bankr.M.D.Fla. 1988). The plaintiff must prove by preponderance of the evidence that the defendants acquired property of the estate and knowingly and fraudulently failed to report or deliver it to the plaintiff. *See In re Couch,* 54 B.R. 682 (Bankr.E.D.Ark.W.D.1985), and *In re Walters,* 176 B.R. 835 (Bankr.N.D.Ind.1994).

### Rent Proceeds are Property of the Estate

■ The Bankruptcy Code defines property of the estate in § 541(a):

(a) [the bankruptcy] estate is comprised of all the following property, wherever located and by whomever held:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

(6) Proceeds, product, offspring, rents, or profits of or from property of the estate, except such as are earnings from services performed by an individual debtor after the commencement of the case.

11 U.S.C. § 541(a)(1), (6).

In this case, the Calverton Farm, the Aldie Farm, and the Gilbert Corner property were all property of the estate. Thus, under § 541(a)(6), the rents from those properties are also property of the estate.

Defendants contend that the Aldie Farm was not property of the estate because defendants were equitable, not legal, owners of the property. However, equitable interests of the defendants are property of the estate. 11 U.S.C. § 541(a)(1).

■ Defendants also contend that the portions of the Gilbert Corner property leased to Michelle Shilkey and Laxmi Ranch were subleased by France Theunissen and that rents generated from those leases were not property of the estate. The Court, however, finds that plaintiff has met the burden of

proof in showing that Theunissen collected rent from Shilkey, Laxmi Ranch, and Gregory Mills and deposited those proceeds for the defendants.

The defendants admit collecting rent for the Calverton Farm property. The Court finds that rents collected from the Calverton Farm, the Aldie Farm, and the Gilbert Corner property are property of the estate pursuant to 11 U.S.C. § 541(a)(1), (6).

### Defendants Knowingly and Fraudulently Failed to Report or Surrender Property to the Plaintiff

■ As used in 11 U.S.C. § 727(d), "'the term "knowingly and fraudulently" requires that the debtor be guilty of such acts as would sustain a civil action for fraud or deceit'...." *In re Puente,* 49 B.R. 966, 969 (Bankr.W.D.N.Y.1985). In § 727 cases, bankruptcy courts have allowed the trustee to prove fraud in one of four ways. First, the trustee may produce evidence that debtor was aware of an omission and that debtor knew the omission would mislead the trustee. *In re Walters,* 176 B.R. 835, 876 (Bankr. N.D.Ind.1994). *See also Matter of Yonikus,* 974 F.2d 901 (7th Cir.1992).

■ Second, the trustee may prove fraud by establishing a fraudulent course of conduct on the part of the debtor. *Id. See also In re Kindorf,* 105 B.R. 685, 690 (Bankr. M.D.Fla.1989), and *Matter of Schweda,* 19 B.R. 499 (Bankr.M.D.Fla.1982).

■ Third, a debtor's fraudulent intent may be "inferred from all of the surrounding circumstances." *In re Walters,* 176 B.R. 835, 876 (Bankr.N.D.Ind.1994) quoting *Matter of Yonikus,* 974 F.2d 901, 905 (7th Cir.1992). Finally, the trustee may prove fraud by establishing that "the debtor acted so recklessly ... that fraud is implied." *Id.*

■ The defendants admit collecting rents from the Aldie Farm, the Gilbert Corner property, and the Calverton Farm and allege that they used such proceeds for maintenance of those properties. Defendants deny knowledge that those rents were required to be turned over to the plaintiff and allege that no one informed them that their collection of the rents was improper. The plaintiff, how-

ever, has produced convincing evidence of fraudulent intent on the part of the defendants.

Although the rent proceeds from the Calverton Farm only totaled $1,000, "[d]ebtors have an absolute duty to report whatever interest they hold in property, even if they believe their assets are worthless or are unavailable to the bankruptcy estate." *Matter of Yonikus,* 974 F.2d 901, 904 (7th Cir.1992).

■ In regards to the Aldie Farm, defendants claim that they collected rent on behalf of the legal owners. The evidence, however, indicates that the defendants were named on the Aldie Farm leases and that the defendants collected rent and deposited those proceeds in their bank account.

■ Defendants also claim that they were not required to surrender rents from the Aldie Farm because the rent proceeds were used for maintenance expenses on the farm. However, the defendants were under an absolute duty to report and surrender the property. It is the trustee's decision whether to keep the rent for distribution to the creditors or use it to repair property.

■ Finally, the parties produced conflicting evidence in regards to the collection of rents from the Gilbert Corner property. The Court, however, finds that the defendants collected rents through France Theunissen who ran checks through her account and then deposited rent proceeds in the defendants' account.

Even after the plaintiff specifically instructed the defendants to surrender rent proceeds to him, the defendants continued to collect rent and use rent proceeds at their discretion. Considering all the circumstances in this case, the defendants' fraudulent intent is apparent because the defendants knew that the rents had to be reported and surrendered to the trustee and they failed to do so.

### Plaintiff's Complaint was Timely Filed

■ Defendants contend that the complaint is barred by laches because it was filed approximately 18 months after the plaintiff

312

learned that rents were being collected. A complaint to revoke a discharge under § 727(d)(2) may be brought anytime before the case is closed. 11 U.S.C. § 727(e)(2)(B). The defendants' case has not been closed, thus the complaint was timely filed.

### Conclusion

The rent proceeds collected from the Calverton Farm, the Aldie Farm, and the Gilberts Corner property are property of the estate pursuant to 11 U.S.C. § 541(a). The defendants acquired these proceeds and knowingly and fraudulently failed to report or surrender them to the plaintiff. Pursuant to 11 U.S.C. § 727(d)(2), the plaintiff filed a timely complaint to revoke the defendants' discharge. The Court finds that the defendants' discharge should be revoked and will enter a judgment consistent with these findings of fact and conclusions of law.