KEITH, Circuit Judge:
 

 Appellant, the Bank of Miami, appeals from an order of the United States District Court for the Southern District of Florida affirming the judgment of the United States Bankruptcy Court for the Southern District of Florida. Since we find no clear error in the bankruptcy court’s rulings or the district court’s judgment, we affirm.
 

 On May 8, 1984, appellees Mario and Maria Espino filed a Voluntary Joint Petition for Bankruptcy Relief in the United States District Court for the Southern District of Florida. The Bank of Miami filed an adversary proceeding against them,
 
 *1002
 
 seeking a determination that the debt owed by the Espinos to the Bank of Miami was nondischargeable. The bankruptcy court dismissed the bank’s complaint with prejudice and the bank appealed to the United States District Court for the Southern District of Florida. The district court affirmed the bankruptcy order. The Bank of Miami appealed to this court.
 

 Appellant first argues that the bankruptcy court was required to deny the discharge to the Espinos pursuant to 11 U.S.C. § 727(a)(3) because they failed to keep any personal financial records for a period of nine years prior to their petition. We disagree. The above statute specifies that failure to keep adequate records from which one’s financial position can be ascertained is a sufficient basis for denial of discharge, unless otherwise excused. Appellant argues that it both alleged and proved that the Espinos had no financial records, and that the bankruptcy court erred in failing to consider these facts.
 

 Although it is true that the opinion of the bankruptcy court does not address the issue of personal records by the Espi-nos, we do not believe that omission was erroneous. The bankruptcy judge found that the lack of financial records kept by the Five Brothers Construction Corporation (“Five Brothers”), a corporation owned by the Espinos’ five children, was not a sufficient ground to deny discharge.
 
 [1]
 
 Since the issue on appeal concerns the debtors’ personal records and the issue at trial focused on the corporate records, we cannot say that the bankruptcy court erred in this finding.
 
 [2]
 
 Moreover, careful review of the record reveals that the lack of personal records issue was presented in a cursory manner. Thus, the issue of the lack of
 
 personal
 
 records as a basis to deny discharge was never properly presented to the bankruptcy court and was not preserved for appeal.
 

 Appellant’s second argument is that the bankruptcy court should have denied discharge to the Espinos because they failed to list a contingent obligation owed to Citicorp Savings of Florida. Again, we disagree. This contingent obligation arose when Five Brothers borrowed $420,000 from Citicorp Savings of Florida, and Mr. and Mrs. Espino personally guaranteed repayment of that loan. Appellant contends that under 11 U.S.C. § 727(a)(4), the debt- or’s failure to include that obligation constituted a knowing and fraudulent “false oath” sufficient to warrant denial of discharge. The bankruptcy court found that the bank failed to meet its burden of proof in presenting persuasive and convincing evidence that the debtor knowingly made the false statement with the specific intent to defraud. Although the debtors did have a contingent liability, the primary responsibility for repayment of the loan belonged to Five Brothers.
 
 [3]
 

 The issue of the Espinos’ intent was a question, of fact to be answered by the bankruptcy court in light of all of the evidence presented and the credibility of the witnesses. After a full review of the record, we cannot say that the bankruptcy court was clearly erroneous in finding that the Espinos did not act with the intent to defraud their creditors.
 
 See Chalik v. Moorefield,
 
 748 F.2d 616, 619-20 (11th Cir.1984) (appellate court must accept the factual findings of the bankruptcy court unless clearly erroneous, particularly when findings are affirmed by district court);
 
 In re: Greenbrook Carpet Co., Inc.,
 
 722 F.2d 659, 660-61 (11th Cir.1984).
 

 
 *1003
 
 Appellant’s final argument involves the actual character of Five Brothers. Appellant argued at trial that the corporation was essentially the “alter ego” of the Espi-nos and that the Espinos’ operation of the corporation constituted a continuing concealment in violation of 11 U.S.C. 727(a)(2)(A).
 
 [4]
 
 Again, we must disagree. The evidence appellant cited included the fact that Five Brothers was formed in 1967, with the stock distributed among the couple’s five children, all of whom were minors. Mario Espino was president of the corporation from 1967 to 1976 and has been secretary since 1976. Maria Espino has been president of the corporation since 1976. Furthermore, Mr. and Mrs. Espino have always had signatory power on the corporate checking accounts, and the corporation has never paid a dividend to the five children listed as its shareholders. Finally, though Mario Espino listed certain real estate as his own in financial statements to the Bank of Miami, that real estate was eventually found to be recorded in the name of Five Brothers.
 

 Despite these facts, the bankruptcy court found that the Espinos never held an ownership interest in Five Brothers. The corporation was owned by the debtors’ children; therefore, there was no transfer of the debtors’ property within the meaning of 727(a)(2)(A). The Espinos were employees of Five Brothers and, as such, may have exercised control of the corporation or received benefits from the corporation. Those benefits were not concealed.
 

 Although the facts alleged by appellant arguably present a strong basis for “piercing the corporate veil” of Five Brothers, that issue was not before the bankruptcy court. Rather than bring in the corporation as a party to the suit and rely upon the “alter ego” theory, the appellant specifically chose to argue continuing concealment. Viewing the evidence in light of this theory, the bankruptcy court’s decision is completely plausible. As such, it may not be reversed by the Court of Appeals, even though this court, had it been sitting as a trier of fact, might have weighed the evidence differently.
 
 See Anderson v. City of Bessemer City, N.C.,
 
 470 U.S. 564, 574, 105 S.Ct. 1504, 1512, 84 L.Ed.2d 518 (1985) (holding that “[wjhere there are two permissible views of the evidence, the fact finder’s choice between them cannot be clearly erroneous”).
 

 Accordingly, the judgment of the district court is AFFIRMED.
 

 [1]
 

 . Specifically, the bankruptcy court found that the Espino’s discharge could not be denied in this case where Five Brothers, the corporation whose books and records were being challenged, was a bona fide separate entity from the debtors.
 

 [2]
 

 . The confusion is probably due to the fact that at trial the bank presented the Espinos’ lack of personal records as evidence of the contention that the Espinos used the Five Brothers Corporation to pay their bills. Furthermore, we could only find one place in the record where the Bank presented the lack of personal records issue as a ground for denial of discharge. We do not find their argument persuasive.
 

 [3]
 

 .We note that the loan was current.
 

 [4]
 

 . The pertinent section of the discharge statute reads as follows:
 

 (a) The court shall grant the debtor a discharge, unless
 

 (1) ....
 

 (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—
 

 (A) property of the debtor, within one year before the date of the filing of the petition. ...