In re Clifford G. HALL, Debtor.

Constance HALL, Plaintiff,

v.

Clifford G. HALL, Defendant.

Bankruptcy No. 89–8771–9P7.
Adv. No. 90–097.

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

March 18, 1991.

Dennis L. Avery, Fort Myers, Fla., for plaintiff.

Jeffrey W. Leasure, Fort Myers, Fla., for defendant and debtor.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

This is a Chapter 7 case and the matter under consideration is the second phase of a bitter contest between Constance Hall (Plaintiff) and her former husband, Clifford G. Hall (Debtor). In Count I of the Amended Complaint, Mrs. Hall asserted a claim of nondischargeability based on § 523(a)(5) for the sum of $205,153.14 based on a judgment entered by the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida, on November 22, 1989. The claim set forth in Count II sought a declaration from this Court that the amounts of $11,371.74, $9,375.00, and $1,996.74 should also be declared to be nondischargeable based on § 523(a)(5). The claim in Count III is an Objection to the Debtor's right to a general bankruptcy discharge based on § 727(a)(2)(A). This claim is based on the allegation that the Debtor concealed, and still continues to conceal, assets with fraudulent intent to delay, hinder or defraud the Plaintiff by transferring approximately $95,000.00 cash to Oraleah Mae Albert, the Debtor's former girlfriend who is now his wife, while the Debtor was still married to the Plaintiff.

This Court tried the claims of nondischargeability set forth in Count I and Count II of the Complaint, at the conclusion of which this Court entered a Partial Final Judgment in favor of the Plaintiff, determining that the sums of $17,875.00, $550.56 and $13,008.88 are nondischargeable by virtue of § 523(a)(5) and that support payments in the amount of $1,000.00 per month would also be excepted from the general discharge provisions of the Bankruptcy Code. A Partial Final Judgment was entered in favor of the Debtor and against the Plaintiff on the basis that the debt due and owing by the Debtor to the Plaintiff in the amount of $173,715.19 was not in the nature of alimony, maintenance or support, but was a property settlement and thus, dischargeable in bankruptcy, 119 B.R. 272.

This left for consideration the Plaintiff's challenge to the Debtor's right to a general bankruptcy discharge based on the claim set forth in Count III of the Complaint. The facts as established at the final evidentiary hearing relevant to the claim set forth in Count III of the Complaint are as follows:

At the time relevant, the Debtor was married to the Plaintiff and was the sole owner of a Canadian commercial enterprise called "Gen–Rep, Ltd." (Gen–Rep). In 1983, the parties, both Canadian citizens, left their Canadian residence and moved to Lehigh Acres, Lee County, Florida. In early 1985, the Debtor and the Plaintiff began experiencing marital difficulties and they separated. As a result, the Plaintiff returned to Canada and commenced an action to dissolve their marriage. After being advised that under Canadian law, the Plaintiff might assert a claim for the one-half

interest in the assets of Gen–Rep, the Debtor sold his interest in Gen–Rep and left Canada with approximately $150,000.00 cash obtained from this sale. It appears that shortly thereafter the Debtor opened a bank account on August 14, 1986, in the Florida Savings and Loan (Fla. S & L) where he deposited $70,750.00 in the name of Clifford G. Hall or Oraleah Mae Albert (Ms. Albert). On the following day, the Debtor purchased a Certificate of Deposit in the amount of $25,000.00, and he opened a checking account at NCNB with an initial deposit of $15,427.61. Both the Certificate of Deposit and the checking account were in the names of Clifford G. Hall and Ms. Albert. There is no dispute that all these monies were the funds obtained by the Debtor from the sale of his interest in Gen–Rep in Canada, and none of these monies were originally the funds of Ms. Albert.

At the time relevant, Ms. Albert was the owner of a residential property located at 607 Greenwood Avenue, Lehigh Acres, Florida. The property was encumbered by a mortgage with an outstanding balance of $60,000.00. It is without dispute that while the Debtor was still married to the Plaintiff, he gave Ms. Albert $60,000.00 to pay off the mortgage on the Greenwood property.

Sometime thereafter, Ms. Albert took out a $24,000.00 home equity loan with Goldome Federal Savings and Loan and used the loan proceeds to purchase a motor home, the title of which was placed solely in her name. There is no evidence in this record to show that the Debtor ever had any record interest in the motor home. As noted earlier, the funds to purchase the motor home were obtained by Ms. Albert from the home equity mortgage on her Greenwood property in which the Debtor also never had any cognizable interest; however, the funds to pay off the original mortgage were clearly the funds of the Debtor. Sometime during this period, Clifford Hall and Ms. Oraleah Mae Albert were married. The Greenwood property is on the market and, according to the Purchase Agreement filed on August 13, 1990, the document identifies the sellers as Clifford or Oraleah Mae Hall, H/W, even though there is nothing in this record to show that the Debtor ever had any record ownership interest in the subject property.

Ms. Albert was also the owner of the property located at Lehigh Acres which was rented by her to a lodge brother of the Debtor. While it is true that at times the Debtor collected the rent, there is no evidence in this record that the Debtor ever had any interest in this property.

Basically, these are the facts which were established at the trial, which, according to the Plaintiff, are sufficient to deny the Debtor's general bankruptcy discharge based on § 727(a)(2). Section 727(a)(2)(A) of the Bankruptcy Code provides as follows:

§ 727. Discharge.

(a) The court shall grant the debtor a discharge, unless—

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

(A) property of the debtor, within one year before the date of the filing of the petition; ....

The Bankruptcy Rules provide that the plaintiff has the burden of proving an objection to the general discharge. Bankruptcy Rule 4005. However, the rule is silent as to the standard of proof necessary to satisfy the burden. The Supreme Court recently determined in a case under § 523(a) of the Bankruptcy Code that the preponderance of the evidence standard, rather than the clear and convincing standard, is appropriate burden of proof. *In re Garner*, 73 B.R. 26 (Bankr.W.D.Mo.1987), *rev'd.*, 881 F.2d 579 (8th Cir.1989), *rev'd.*, — U.S. ——, 111 S.Ct. 654, 112 L.Ed.2d 755 (1990). This Court is satisfied that since the claim involved in *Garner* was based on fraud and the claim asserted here is also based on fraud, the standard should be the same, and the preponderance stan-

dard is sufficient to establish a claim under § 727(b).

 This Court finds that there is hardly any doubt that the Debtor concealed $95,000.00 by transferring these monies to his former girlfriend who is currently his wife. Further, it is without dispute that all these transfers occurred in 1986, and since the Debtor filed his Petition for Relief under Chapter 7 of the Bankruptcy Code on November 29, 1989, these transfers were not made within one year immediately preceding the commencement of the case. However, the concealment may well be considered to be a continuing offense. Thus, where the initial action of concealment might have commenced outside of one year, if there is competent proof to establish a continuity of concealment which leads into the one-year period, the Plaintiff may establish a viable claim under § 727(a)(2). *See, i.e., In re Olivier,* 819 F.2d 550, 555 (5th Cir.1987); *Matter of Kauffman,* 675 F.2d 127, 128 (7th Cir.1981). However, in this case, there is no proof that the Debtor concealed his actions, and thus, the Plaintiff cannot rely on continuing concealment to establish a claim under § 727(a)(2) of the Bankruptcy Code.

This record leaves no doubt that while the Debtor gave this money to his former girlfriend, Oraleah Mae Albert, his current wife, there is nothing in this record to show that she still has the money. The most that could be said is that the money was a gift which is a possible fraudulent transfer; however, since the transfer occurred outside of one year of the bankruptcy filing, it could not be attacked under § 548 of the Bankruptcy Code and would not be a basis for denying the Debtor's discharge under § 727(a)(2) of the Bankruptcy Code. *See, In re Gefen,* 35 B.R. 368 (Bankr.S.D.Fla. 1984), *In re Energy Savings Center, Inc.,* 54 B.R. 100 (Bankr.E.D.Pa.1985).

In sum, considering this evidence, this Court is satisfied that the proof presented in this case falls far short of even the preponderance standard which is required to establish a viable claim under § 727(a)(2) and, therefore, the claim in Count III should be dismissed with prejudice.

A separate Final Judgment will be entered in accordance with the foregoing.