In re Slade GODLEY, Debtor.

Robert C. FURR, Trustee, Ellen Godley
and Laura Godley, Plaintiffs,

v.

Slade GODLEY and Frances
Godley, Defendants.

Bankruptcy No. 92–31516–BKC–SHF.
Adv. No. 93–0590–BKC–SHF–A.

United States Bankruptcy Court,
S.D. Florida.

Jan. 21, 1994.

Leslie S. Osborne, Boca Raton, FL, for
plaintiffs.

Kevin C. Gleason, Deerfield Beach, FL,
Carlos L. De Zayas, Coconut Grove, FL, for
defendants.

## MEMORANDUM DECISION

STEVEN H. FRIEDMAN, Bankruptcy
Judge.

The Trustee, Robert Furr (the "Trustee"),
and two creditors, Ellen and Laura Godley
(the "Creditors"), filed a seven count com-
plaint seeking denial of the discharge of
Slade Godley (the "Debtor"), pursuant to 11
U.S.C. §§ 727(a)(2), (3), (4), and (5), avoid-
ance of an alleged fraudulent transfer, and
determination of non-dischargeability as to
debts owed to the Creditors, pursuant to 11
U.S.C. §§ 523(a)(4) and (6). Pursuant to this
Court's August 4, 1993 Order, the Section
523 counts were abated pending the outcome
of the Section 727 counts. At the commence-
ment of trial on December 27, 1993, the
Trustee announced that he had reached a
settlement with the Debtor and his wife on
all counts. In addition, upon request of the
Debtor, a default was entered against plain-
tiff Laura Godley, for lack of prosecution.
Thereafter, Ellen Godley, the sole remaining
Plaintiff to this adversary proceeding, pre-
sented her case against the Debtor as to the
counts objecting to the Debtor's discharge.
Upon conclusion of the Creditor's case, and
upon motion by the Debtor, the Court dis-
missed Count II, Count III, and Count IV
because the Creditor failed to meet her bur-
den of proof on those counts. In light of the
settlement reached as to Count V, and the
abatement of the two counts as to discharge-
ability, the trial proceeded to conclusion only
on Count IV, the count instituted under 11
U.S.C. § 727(a)(4).

The salient facts are not in dispute. The
Debtor has been engaged in the sale and
development of real estate for many years.
During the course of his business career, the
Debtor had held substantial real estate inter-
ests in Lake County, Florida. The Debtor's
May 1, 1992 Chapter 7 bankruptcy filing was
precipitated by business reversals. The
Debtor's only unsecured creditors are his six
daughters in varying amounts, two of whom
initiated this adversary proceeding.

The Creditor's Section 727(a)(4) count is based upon the purported intentional omission by the Debtor of valuable assets from his schedules, and in addition, a substantial omission relating to a transfer of an asset by the Debtor. In response, the Debtor claims to be without knowledge as to many of the omissions. Although the Debtor acknowledges the omission of other assets, he asserts that the information was not included in the Debtor's schedules upon advice of his former counsel. The Debtor further asserts that any omission from his schedules was not intentional, and thus, would not justify a preclusion of his discharge.

■ Section 727(a)(4) provides, in part: The court shall grant the debtor a discharge, unless—

(4) the debtor knowingly and fraudulently, in or in connection with the case—

(A) made a false oath or account ...

A party objecting to a debtor's discharge under Section 727(a)(4) has the burden of proving by the preponderance of evidence that the debtor knowingly and fraudulently made the false oath and that oath pertained to a material fact. *In re Sausser*, 159 B.R. 352 (Bankr.M.D.Fla.1993). A knowing and fraudulent omission from a sworn statement of affairs or schedules may constitute a false oath sufficient to bar a discharge in bankruptcy. *In re Chalik*, 748 F.2d 616 (11th Cir.1984); *In re Espino*, 806 F.2d 1001 (11th Cir.1986); *In re Alfonso*, 94 B.R. 777 (S.D.Fla.1988). An inference as to whether a debtor knowingly made a false oath can be drawn from circumstances surrounding the debtor. *In re Sausser*, 159 B.R. at 356.

Among the assets admittedly omitted from the Debtor's schedules are the Vero Beach residence owned by the Debtor and his non-debtor wife, an interest in a real estate business, a parcel of real property located in Lake County, Florida, a checking account held jointly with the Debtor's wife, his interest in a business, a watch and a ring. The Debtor also failed to list, in his Statement of Financial Affairs, that he sold a modular home for $60,000 five months before the filing of the bankruptcy. There is no dispute that the Debtor knew he had these assets at the time he filed his bankruptcy petition.

The Debtor testified that he told his former attorney about these assets and the attorney advised the Debtor that because these assets were jointly held by his wife, the Debtor was not required to list them. However, after being instructed by the Trustee at the meeting of creditors to amend his schedules to reflect these assets, the Debtor failed to do so.

Based upon the clear language of Section 727(a)(4), an omission of assets from a debtor's schedules normally would result in a denial of discharge. In the instant case, however, the Debtor asserts that the omission was not made knowingly and fraudulently, as the Debtor purportedly was ill-advised by his former attorney that it was not necessary to list the omitted assets and transfer.

In the case of *In re Muscatell*, 113 B.R. 72 (Bankr.M.D.Fla.1990), a debtor similarly asserted, in defense of a Section 727(a)(4) action, that his attorney advised him to omit from his bankruptcy schedules property held by the debtor and his wife as tenants by the entirety. In that case, the debtor omitted, among other items, various bank accounts, notwithstanding the unambiguous language contained in the Statement of Financial Affairs requiring the debtor to list of all accounts "maintained alone or together with any other person." The court ruled that "[i]n order for the Debtor to rely on the defense that he failed to list certain transactions on the advice of counsel, it must be established that the reliance occurred in fact and that the reliance was in good faith." *Muscatell, at Page 74.* It has also been noted that "[t]he defense of reliance on counsel is not available when it is transparently plain that the advice is improper." *In re Kelly*, 135 B.R. 459, 462 (Bankr.S.D.N.Y. 1992). In *Kelly*, the debtor omitted automobiles from his schedules. However, because the debtor took the steps of retaining new counsel and amending his schedules when he realized his reliance was misplaced, the court excused the omissions.

In this case, the Debtor's Schedule A required him to list his interest in any real property. Despite this requirement, the Debtor did not list his interest in his home or

his interest in the Lake County, Florida property. In addition, Question 10 of the Debtor's Statement of Financial Affairs explicitly required the Debtor to list all property transferred within one year before the bankruptcy. The Debtor failed to list the modular home he sold for $60,000 less than five months before the bankruptcy. Further, question 16 of the Statement of Affairs required that the Debtor list the names and addresses of all businesses in which the Debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or self-employed professional within the two years before the bankruptcy. The Debtor testified that he had a business which sold homes but that the business was not incorporated, and that he was not an officer or director. The Court is skeptical of the Debtor's testimony and finds that if the Debtor was not an officer or director of this company he was at least self-employed and was obligated to list this company on his schedules.

The Debtor, by signing the last page of his bankruptcy schedules and of his Statement of Financial Affairs, certified that he read each document and that they were true and correct to the best of his information and belief. The Debtor is an intelligent businessman who asserts he relied on his former attorney's advice in omitting assets and information from his Schedules and Statement of Financial Affairs, despite his knowledge that the Schedules and Statement of Financial Affairs contained numerous omissions.

■ The Debtor's explanation for the reliance on the advice of his attorney lacks credibility, and was not reasonable. The nature and extent of the omissions, including the $60,000 sale of real estate, and the Debtor's interest in a real estate business were not of a *de minimis* nature. Furthermore, the Debtor's explanation that he relied upon the advice of his attorney in omitting the assets and transactions addressed above is uncorroborated. In light of the clear and unambiguous language contained in prescribed forms for bankruptcy schedules and Statement of Financial Affairs requiring a debtor to list all property interests and property transfers, and in light of the circum-

stances existing at the time of the Debtor's transfer, this Court draws an inference that the transfer of property, and the omissions of information from the bankruptcy schedules by the Debtor, were undertaken by the Debtor knowingly and fraudulently.

Finally, the Debtor's failure to amend his Schedules and Statement of Financial Affairs after he was instructed to do so by the Trustee evidences a reckless disregard for the truth of the Schedules. Therefore, the Debtor's omission of the assets and the transfer of property from his Schedules and Statement of Financial Affairs is not excused and his discharge will be denied pursuant to 11 U.S.C. § 727(a)(4).

A separate judgment will be entered denying the Debtor's discharge.

**DONE and ORDERED.**