In re Jerry B. HEMBREE, Debtor.

Terrell P. YOUNGBLOOD, Plaintiff,

v.

Jerry B. HEMBREE, Defendant.

Bankruptcy No. 94–0498–3P7.
Adv. No. 95–63.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Sept. 18, 1995.

T. Patton Youngblood, Jr., Tampa, FL, for plaintiff.

Jerry B. Hembree, Jacksonville, FL, pro se.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This proceeding came before the Court upon a complaint objecting to discharge pursuant to 11 U.S.C. § 727(a)(4)(A). The complaint alleges that the defendant knowingly and fraudulently made false oaths when completing his schedules and his statement of financial affairs. Upon the evidence presented at trial on July 11, 1995, the Court enters the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. Defendant incorporated Food Service Merchandising, Inc. on August 9, 1977. From that time until its dissolution on August 13, 1993, defendant served as president of the corporation. (Plaintiff Ex. 3).

2. On January 3, 1994, the County Court of Hillsborough County, Florida awarded plaintiff a judgment against the defendant in the amount of $6,784.19. That judgment was

properly recorded in Duval County, Florida on February 3, 1994. (Plaintiff Ex. 1).

3. On June 8, 1994, the Hillsborough County Court also awarded plaintiff an amended final judgment for attorney fees and costs against the defendant in the amount of $5,748.05. That judgment was recorded in Duval County, Florida on July 19, 1994. (Plaintiff Ex. 2).

4. Defendant filed for relief under Chapter 7 of the Bankruptcy Code on November 15, 1994.

5. On February 13, 1995, plaintiff filed a complaint objecting to discharge of debtor pursuant to 11 U.S.C. § 727(a)(4)(A). The complaint alleges that defendant knowingly and fraudulently made the following false oaths when completing his statement of financial affairs and his petition schedules:

A. Defendant failed to disclose ownership of real property;

B. Defendant failed to disclose income from rental property;

C. Defendant failed to disclose officership in a corporation;

D. Defendant failed to disclose the release of a certificate of deposit in the amount of $12,700;

E. Defendant failed to disclose income received from employment within two years preceding his bankruptcy filing;

F. Defendant failed to disclose plaintiff as a secured creditor.

### CONCLUSIONS OF LAW

This Court has held that the most important issue in determining the denial of a discharge is "whether or not the debtor has accurately and truthfully presented himself before the Court." *In re Collins,* 19 B.R. 874, 878 (Bankr.M.D.Fla.1982). This Court has further held that "[i]t is of fundamental importance to the administration of the bankruptcy system that a debtor present himself or herself accurately and truthfully before their creditors and the Court. Failing to do so necessitates the forfeiture of the discharge." *In re Klein,* 114 B.R. 778, 780 (Bankr.M.D.Fla.1990).

Section 727(a)(4)(A) of the Bankruptcy Code provides as follows:

(a) The Court shall grant the debtor a discharge, unless— ...

(4) the debtor knowingly and fraudulently, in or in connection with the case—

(A) made a false oath or account; ....

11 U.S.C. § 727(a)(4)(A). The plaintiff must prove by a preponderance of the evidence that the debtor's discharge should be denied. *Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). The plaintiff can meet this burden by showing that the debtor "knowingly and fraudulently made [a] false oath and that the oath pertained to a material fact." *In re Sausser,* 159 B.R. 352, 356 (Bankr.M.D.Fla.1993). *See In re Sowell,* 92 B.R. 944, 947 (Bankr.M.D.Fla.1988).

Other courts have held that "a false oath is 'material' if it bears a relationship to the debtor's business transactions or assets." *In re Urban,* 130 B.R. 340, 344 (Bankr. M.D.Fla.1991). A false oath bars a debtor's discharge "if it impairs the debtor's estate, concerns discovery of assets, or the existence and/or disposition of the debtor's property." *In re Watkins,* 84 B.R. 246, 250 (Bankr. S.D.Fla.1988). The plaintiff may prove that defendant knowingly and fraudulently made a false oath by showing that the defendant acted in reckless disregard for the truth by omitting information from his statement of financial affairs and schedules.

Although a single omission would normally be insufficient to deny the debtor's discharge, a series of omissions, when examined together, "constitute a pattern that demonstrates the [d]ebtor made a false oath with a reckless disregard for the truth...." *In re Clawson,* 119 B.R. 851, 853 (Bankr. M.D.Fla.1990). *See In re Urban,* 130 B.R. 340, 345 (Bankr.M.D.Fla.1991). "This reckless disregard for the truth is generally recognized as the equivalent to fraudulent intent." *In re Sausser,* 159 B.R. 352, 356 (Bankr.M.D.Fla.1993). *See In re Walters,* 176 B.R. 835, 876 (Bankr.N.D.Ind.1994); *In re Clawson,* 119 B.R. 851 (Bankr.M.D.Fla. 1990).

If the plaintiff successfully establishes the basis for the objection, the burden of

proof shifts to the debtor. *In re Chalik*, 748 F.2d 616 (11th Cir.1984). *See In re Goblick*, 93 B.R. 771 (Bankr.M.D.Fla.1988); *In re Sausser*, 159 B.R. 352 (Bankr.M.D.Fla.1993).

### A. Defendant's Failure to Disclose Real Property

■ On Schedule A, defendant stated that he did not own any real property. At trial, plaintiff presented evidence of a mortgage and a deed which named the defendant and his wife as owners of real property located at 4611 St. Johns Avenue, Jacksonville, Florida. (Plaintiff Ex. 5, 6, and 10). In his answer to the complaint, debtor denied that his statement regarding the property was false and that he knew it was false when he made it. At trial, however, the defendant testified that the Trustee questioned him about he property and advised him to amend his schedules to include the property. Defendant also testified that he never attempted to "hide" or "conceal" his ownership of the property, and he informed the individual who prepared the petition papers to amend the schedule to reflect defendant's ownership of the property. Defendant testified that he did not inquire further as to whether the schedules were amended.

Based on the debtor's admission and the documentary evidence, the Court finds that the defendant knowingly made a false statement in regards to the property. It is the defendant's responsibility to make sure his petition papers are complete and accurate. The plaintiff has met his burden of proving that the defendant knowingly failed to disclose his ownership of real property.

### B. Defendant's Failure to Disclose Income From Rental Property

■ In his statement of financial affairs, defendant indicated that he did not receive income other than from employment or operation of a business in the two years preceding his petition date. Plaintiff alleged that defendant received rental income from the non-residential property discussed above. Defendant testified that Food Service Merchandising, Inc. (FSM), the debtor's employer, operates its business on the property and pays the mortgage directly to the mortgagee, First Union National Bank of Florida. The defendant, however, stated that he did not consider FSM's payments to be rental income because they were not paid directly to him.

Defendant's promissory note relating to the property lists the property as "rental property." (Plaintiff Ex. 11). Thus, the defendant expected some income to be produced from the property. By omitting information pertaining to that income, the defendant knowingly made a false statement in denying the receipt of supplemental income.

■ The Court finds that FSM's payments to First Union constitute rental income for the debtor and that information regarding that income should have been disclosed in the defendant's statement of financial affairs.

### C. Defendant's Failure to Disclose His Officership in a Corporation

In his statement of financial affairs, defendant also indicated that he was neither an officer nor a director of a corporation within the two years immediately preceding the filing of his petition. At trial, plaintiff offered the 1992 annual report of Food Services Merchandising, Inc., which states that the defendant was president of the corporation. (Plaintiff Ex. 3). The plaintiff also offered a deposition of defendant taken in connection with the state court proceedings involving these parties. In that deposition, dated April 8, 1993, defendant testified that he was president of FSM. (Plaintiff Ex. 22 at 4). This evidence indicates that the defendant was an officer of a corporation within two years of his petition date, and defendant should have disclosed that information in his statement of financial affairs.

### D. Defendant's Failure to Disclose the Release of a Certificate of Deposit Owned by Defendant and His Wife

■ In paragraph 11 of his statement of financial affairs, defendant indicated that he had not closed any financial accounts, including certificates of deposit, within one year prior to the filing of his bankruptcy case. Bank documents in evidence, however, indicate that a certificate of deposit in the name

of the defendant and his wife was released to them on January 26, 1994. Although the defendant claims that the certificate of deposit was released to his wife without his knowledge, the Collateral Change document was signed by both the defendant and his wife. (Plaintiff Ex. 17 and 18). The Court finds that the defendant knowingly omitted the release of the certificate of deposit from his statement of financial affairs.

### E. Debtor's Failure to Disclose Income Received From Employer

■ In paragraph 1 of his statement of financial affairs, defendant stated that he had not received any income from employment or operation of a business during the two years immediately preceding the date of his petition. Plaintiff alleged that a consumer loan application recorded by First Union Nation Bank shows defendant's annual salary to be $55,000. (Plaintiff Ex. 19, Plaintiff Ex. 22 at 4). This document was produced on April 2, 1995, and the information it contained was current through March 31, 1995. (Plaintiff Ex. 19). Debtor alleges that he did not receive income from FMS in the two years prior to this petition date, and he maintains that the information contained in his statement of financial affairs and Schedule I is accurate.

The Court finds that the plaintiff's evidence meets the preponderance of the evidence standard, and that the defendant has failed to offer any evidence to counter plaintiff's allegation that debtor received an annual salary in the two years prior to his bankruptcy filing.

### F. Defendant's Failure to List Plaintiff as a Secured Creditor

■ Defendant's Schedule D states that defendant has no secured creditors. In Schedule F, defendant listed plaintiff as an unsecured creditor with a claim in the amount of $6,000. Plaintiff has two recorded judgments against the defendant which total $12,532.24. (Plaintiff Ex. 1 and 2). Plaintiff is a secured creditor and should have been listed as such on defendant's schedules. The Court finds that the defendant made a false oath by failing to list plaintiff as a secured creditor.

### CONCLUSION

■ Combined, debtor's omissions create a pattern of false statements which are indicative of a reckless disregard for the truth. Defendant reviewed his statement of financial affairs and his schedules and signed each under penalty of perjury. In his answer to the complaint, defendant denied having made any false statements in either his petition or his schedules. At trial, however, defendant admitted that he was aware of certain omissions. Upon the evidence presented, the Court finds that the defendant knowingly and fraudulently made a false oath in connection with his bankruptcy case.

The Court will enter a judgment in favor of the plaintiff and will deny the defendant's discharge pursuant to 11 U.S.C. § 727(a)(4)(A).

### *JUDGMENT*

This proceeding came before the Court upon Terrell P. Youngblood's complaint objecting to the defendant's discharge pursuant to 11 U.S.C. § 727(a)(4)(A). Upon findings of fact and conclusions of law separately entered, it is

ORDERED:

1. Judgment is entered in favor of the plaintiff, Terrell P. Youngblood, and against the defendant, Jerry B. Hembree.

2. The defendant's discharge is denied.

3. The Office of the Clerk shall notify creditors of the denial of the defendant's discharge.