In re Richard E. BOSSE, Debtor.

Robert Stanley STONE, as next friend to Tiffany Dawn Moore, Plaintiffs,

v.

Richard E. BOSSE and Cynthia Bosse, Defendants.

Bankruptcy No. 95–30727–BKC–SHF.
Adv. No. 95–0892–BKC–SHF–A.

United States Bankruptcy Court, S.D. Florida.

Sept. 18, 1996.

Thomas DeCarlo, West Palm Beach, FL, for defendants.

William Zewadski, Tampa, FL, for plaintiffs.

### MEMORANDUM OPINION

STEVEN H. FRIEDMAN, Bankruptcy Judge.

This matter came before the Court February 29, 1996 for trial on the adversary complaint filed by Susan K. Childers ("Childers") in adversary case number 95–0869–BKC–SHF–A and the adversary complaint filed by Robert Stanley Stone, as next friend to Tiffany Dawn Moore ("Stone"), adversary case number 95–0892–BKC–SHF–A (Stone and Childers are collectively referred to as the "Creditors"). Because both complaints seek denial of the discharge of the Debtor, Richard E. Bosse (the "Debtor"), on the grounds that he concealed the transfer of assets, he omitted assets from his schedules, and he made false statements on his schedules, the two cases were tried together. Childers' complaint also contains counts seeking an exception to discharge. Those counts have been bifurcated and will be tried, if necessary, after this decision is rendered.

The Debtor is an attorney who once lived in Florida but now resides in Minnesota. On March 13, 1995, the Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code. On March 24, 1995, he filed his summary of schedules reflecting his assets and liabilities. The Creditors contend in their complaints that the Debtor falsely stated his residence; failed to disclose his interest in real property in Minnesota and North Carolina; failed to disclose an interest in two boats; failed to disclose his interest in bank accounts; failed to disclose a law office in Minnesota; failed to disclose his membership on the School Board for Henning, Minnesota; and undervalued assets included on his schedules.

Section 727(a)(4) provides, in part:

The court shall grant the debtor a discharge, unless—

(4) the debtor knowingly and fraudulently, in or in connection with the case—

(A) made a false oath or account . . .

A party objecting to a debtor's discharge under Section 727(a)(4) has the burden of proving by the preponderance of evidence that the debtor knowingly and fraudulently made the false oath and that the false oath pertained to a material fact. *In re Sausser,* 159 B.R. 352 (Bankr.M.D.Fla.1993). A knowing and fraudulent omission from a sworn statement of affairs or schedules may constitute a false oath sufficient to bar a discharge in bankruptcy. *In re Chalik,* 748 F.2d 616 (11th Cir.1984); *In re Espino,* 806 F.2d 1001 (11th Cir.1986); *In re Alfonso,* 94 B.R. 777 (S.D.Fla.1988). An inference as to whether a debtor knowingly made a false oath can be drawn from circumstances surrounding the debtor. *In re Sausser, supra* at page 356.

 To sustain an objection to discharge under Section 727(a)(4)(A) a plaintiff must prove by a preponderance of the evidence that—

1. The debtor made a statement under oath;

2. Such statement was false;

3. The debtor knew the statement was false;

4. The debtor made the statement with fraudulent intent;

5. The statement related materially to the bankruptcy case.

*Armento v. Armento,* 127 B.R. 486, 490 (Bankr.S.D.Fla.1991). The materiality requirement is satisfied if the oath "bears a relationship to the debtor's business transaction or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of the debtor's property." *Green Hill Corp. v. Kim,* 97 B.R. 275, 283 (Bankr.E.D.Va.1989). Even if the debtor's "concealment of information by the making of a false oath involves worthless assets and would not have increased the value of the debtor's estate, even if disclosed, such circumstances do not excuse the debtor's lack of veracity with respect to the state information of omissions." *Govaert v. Southern Nat'l Bank of North Carolina,* 182 B.R. 599, 607 (Bankr.S.D.Fla.1995).

The evidence presented at trial demonstrates that the Debtor made numerous false statements and omitted numerous assets from his schedules. First, he represented on his schedules that he lived at 1510 North Swinton Avenue, Delray Beach, Florida, and he claimed that property as exempt under Florida law as his homestead. However, at trial, the Debtor testified that he lives in Henning, Minnesota and has lived there since January, 1993. He registered to vote in Minnesota in November, 1994; became a member of the Henning School Board in November, 1994; and obtained a Minnesota driver's license in January, 1995. The Debtor offered no justifiable reason for listing his Delray Beach residence as his homestead.

Further, he omitted his Minnesota home from his schedules. The Debtor stated that he did not think he held an interest in the property because he held a contract for deed on the house. As a licensed Minnesota attorney, the Debtor should have known that a contract for deed is analogous to a deed subject to a mortgage and as such the Debtor holds, at the very least, an equitable interest in the property. He also omitted from his schedules that he had a rental agreement with a David Haag on the Delray Beach property, whereby Haag was to pay the Debtor $1,000 a month.

The Debtor also omitted from his schedules 2.2 acres of undeveloped real property in North Carolina in which he owns a one-fourth interest. The Debtor testified that he forgot that he owned the property because he had not seen the property for 15 years. Other items omitted from the Debtor's schedules were bank accounts in Florida and Minnesota; art prints and Haitian art; and contingency fee agreements.

 A debtor in bankruptcy has an obligation to disclose the existence of all assets, even if they are worthless or unavailable. *In re Ingersoll,* 124 B.R. 116 (M.D.Fla.1991). The Debtor did not fulfill this obligation. Rather, he offered various reasons for his omissions. However, taken in conjunction with the other omissions, it is clear that the Debtor treated the schedules with cavalier indifference to their accuracy. The Debtor's omission of many different assets and his

failure to list his proper residence is indicative of the Debtor's disregard for the truth, thus warranting the denial of his discharge.

A separate final judgment will be entered in accordance herewith.

### FINAL JUDGMENT DENYING DISCHARGE

In accordance with this Court's Memorandum Opinion, it is

ORDERED that Judgment is granted in favor of Plaintiff, Robert Stanley Stone, as next friend to Tiffany Dawn Moore, against Defendant, Richard E. Bosse, denying a Discharge of Debtor to Defendant, Richard E. Bosse, pursuant to 11 U.S.C. § 727(a)(4).