**In re Philip REIS and Michele Reis, Debtors.**

**Michael Bakst, as Trustee for the estate of Philip Reis and Michele Reis, Plaintiff,**

v.

**Philip Reis, Defendant.**

**Bankruptcy No. 06–12427–BKC–SHF. Adversary No. 06–1972–BKC–SHF–A.**

United States Bankruptcy Court, S.D. Florida, West Palm Beach Division.

July 24, 2007.

522

Michael R. Bakst, Esq., West Palm Beach, FL, pro se.

Norman L. Schroeder II, Esq., Lake Worth, FL, Thomas L. Campbell, Esq., Ft. Pierce, FL, for Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

STEVEN H. FRIEDMAN, Bankruptcy Judge.

**THIS CAUSE** came before the Court upon the Plaintiff's Motion for Summary Judgment Against Defendant, Philip Reis, filed on November 17, 2006. The Court, having considered the testimony of the Defendant at the Bankruptcy Rule 2004 examinations, the documentary evidence presented by the parties, the underlying pleadings, and being otherwise fully advised in the premises, **grants** the Plaintiff's Motion for Summary Judgment and **denies** the debtor's discharge pursuant to 11 U.S.C. § 727(a)(4).

This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334, 157(b)(1) and 157(b)(2)(I). This is a core matter in accordance with 28 U.S.C. § 157(b)(2)(I). Federal Rule of Civil Procedure 56(c), made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7056, provides that "the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

F.R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–8, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), *Rice v. Branigar Org., Inc.*, 922 F.2d 788 (11th Cir.1991); *In re Pierre*, 198 B.R. 389 (Bankr.S.D.Fla.1996). Rule 56 is based upon the principle that if the court is made aware of the absence of genuine issues of material fact, the court should, upon motion, promptly adjudicate the legal questions which remain and terminate the case, thus avoiding delay and expense associated with trial. *See United States v. Feinstein*, 717 F.Supp. 1552 (S.D.Fla.1989). "Summary judgment is appropriate when, after drawing all reasonable inference in favor of the party against whom summary judgment is sought, no reasonable trier of fact could find in favor of the non-moving party." *Murray v. National Broad. Co.*, 844 F.2d 988, 992 (2d Cir.1988).

## COUNT I: OBJECTION TO DISCHARGE, PURSUANT TO 11 U.S.C. § 727(a)(4)

The debtors, Philip and Michele Reis, filed a voluntary chapter 7 petition on June 6, 2006. The trustee alleges that Philip Reis' discharge should be denied under § 727(a)(4) based upon his failure to disclose on Schedule B–20, Statement of Financial Affairs, his potential right of inheritance. The trustee further asserts that the debtor had a duty to amend his schedules regarding his right of inheritance upon learning of the inheritance pursuant to Federal Rules of Bankruptcy Procedure 1007(h), which the debtor failed to do. Additionally, the debtor testified falsely at his Rule 2004 examination on August 15, 2006, wherein he represented that his father was still alive. Philip Reis' father, in fact, had passed away July 12, 2006, one month prior to the Rule 2004 examination, and

after the June 6, 2004 commencement of the case. Specifically, the trustee points to the following excerpt from the August 15, 2006 Rule 2004 examination:

(a). Page 20, lines 2 through 6:

Q. "And your father's name is?"

A. "Philip M. Reis, the M is Manuel."

Q. "What's his address?"

A. "I don't know off the top of my head. It's in Long Island, New York, Holbrook."

(b). Page 20, Line 17 and line 19:

Q. "Do you know his phone number?"

A. "I don't have it in this phone."

(c). Page 21, line 24 and 25, page 22 line 1:

Q. "Has that been, that agreement been in place since the property was purchased?"

A. "Yes. Because he lives out of state."

(d). Page 33, lines 8 through 11:

Q. "Do you have the original deed to the property?"

A. "No."

Q. "Who does?"

A. "It would be in my father's stuff, wouldn't be with me. Any papers that were to it legal, he would have."

(e). Page 39, line 25, page 40, lines 1 through 21;

Q. "Do you and your father have any type of understanding as to how long the property is going to be held, or if it's going to be sold?"

A. "He bought it for his retirement. When he retires he wants to live in it."

Q. "How old is he?"

A. "Sixty-six."

Q. "Sixty-six. Do you ever expect to receive any benefit from it?"

A. "No."

Q. "So your doing all this work just out of the goodness of your heart?"

A. "It's my father."

Q. "So that's a yes?"

A. "That's a yes."

Q. "And you never expect to receive any compensation for it at all?"

A. "No."

Q. "If he decided to sell the property tomorrow, you wouldn't expect to receive any portion of the proceeds?"

A. "No."

Rule 2004 Examination of Philip Reis, August 15, 2006.

Based upon the foregoing Rule 2004 examination testimony, the trustee alleges that the debtor, Philip Reis, falsely testified to mislead the trustee into thinking that his father was still alive to hide any potential inheritance that the debtor was to receive.

The debtor, Philip Reis, argues that his father was alive on the date of the petition and that he did not have any reason to believe that his father would pass away during the pendency of his bankruptcy proceeding. He further alleges that on the date of the Rule 2004 examination, August 15, 2006, he did not believe he would inherit anything from his father. The debtor contends that he answered questions posed to him at the Rule 2004 Examination regarding his father in the present tense due to depression and sadness over his father's death. In other words, due to depression, he claims to have answered the questions as if his father were still alive when, in fact, his father had passed away a month earlier. As such, the debtor contends that any false statement was unintentional and without actual intent to deceive, mislead, or to lie about the death of his father.

## ANALYSIS

A debtor will be denied a discharge pursuant to § 727(a)(4) if he knowingly and fraudulently made a false oath or account. *Sperling v. Hoflund (In re Hoflund)*, 163 B.R. 879 (Bankr.N.D.Fla.1993). To prevail in an action under § 727(a)(4), a plaintiff must establish the following elements by a preponderance of the evidence: (1) the debtor made a statement under oath; (2) that statement was false; (3) the debtor knew the statement was false; (4) the debtor made the statement with fraudulent intent; and (5) the statement related materially to the bankruptcy case. *Chalik v. Moorefield*, 748 F.2d 616 (11th Cir.1984); *Stone v. Bosse*, 200 B.R. 419 (Bankr. S.D.Fla.1996). Deliberate omissions from schedules or the statement of financial affairs may also constitute false oaths or accounts. *Swicegood v. Ginn*, 924 F.2d 230, 232 (11th Cir.1991); *Chalik*, 748 F.2d at 618. A debtor's failure to properly amend the schedules is considered a reckless indifference to the truth which is equivalent to fraud. *In re Alfonso*, 94 B.R. 777, 778 (Bankr.S.D.Fla.1988).

For a false oath to be considered material, it must be demonstrated that it "bears a relationship to the bankrupt's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of his property." *Chalik*, 748 F.2d at 618. Additionally, the false oath or account must be made with the requisite intent, specifically a knowing intent to defraud creditors. *Swicegood*, 924 F.2d at 232. However, actual intent maybe inferred from circumstantial evidence. *In re Martin*, 239 B.R. at 614 (Bankr.N.D.Fla.1999).

After a thorough review of the record, the Court finds that the debtor's discharge should be denied under § 727(a)(4). The Court finds that the debtor intentionally made a false oath by failing to provide a full disclosure of his financial condition as evidenced by his failure to amend his schedules regarding the potential inheritance of his father's estate and by providing false testimony at his Rule 2004 Examination as to the death of his father and the status of assets allegedly owned by his father. At no time did the debtor make an attempt to amend his schedules so as to include the omitted information regarding the inheritance or potential inheritance from his deceased father. As such, the trustee has met his burden by a preponderance of the evidence that the debtor knowingly and fraudulently made a false oath or account in connection with his bankruptcy schedules. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). Accordingly, it is

**ORDERED** that the plaintiff's Motion for Summary Judgment is **granted;** and it is further

**ORDERED** that the debtor's discharge **is denied** pursuant to 11 U.S.C § 727(a)(4).

**ORDERED** in the Southern District of Florida.