[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12855
Non-Argument Calendar
_____

D.C. Docket Nos. 1:16-cv-25119-KMW; 16-bkc-16898-RAM

In Re: MIRIAM SOLER,

                    Debtor.
_____

MIRIAM SOLER,

                                                      Plaintiff - Appellant,

versus

CAPITAL ONE AUTO FINANCE,
a Division of Capital One, N.A.,

                                                      Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 7, 2018)

Before JILL PRYOR, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Miriam Soler, proceeding *pro se*, challenges the district court's dismissal of her appeal from the bankruptcy court's order closing her Chapter 7 bankruptcy proceedings. Liberally construing Soler's contentions, she asserts that the district court erred in dismissing her appeal because the bankruptcy court violated her due process rights (1) by closing her Chapter 7 bankruptcy case before she could file proofs of claim on behalf of her creditors, (2) by converting her motion for reconsideration into a motion to reopen even though her case had not yet been closed, and (3) by dismissing her claim challenging the validity of a mortgage on her residence. After careful review, we affirm.[1]

*First*, in a voluntary Chapter 7 case, a proof of claim is timely if it is filed no later than 70 days after the order for relief under that Chapter. Fed. R. Bankr. P. 3002(c). The commencement of a voluntary case under Chapter 7 constitutes the order for relief. 11 U.S.C. § 301. If a creditor does not timely file a proof of claim, the debtor or trustee may file one on the creditor's behalf within 30 days after the expiration of the applicable time for filing claims. Fed. R. Bankr. P. 3004.

---

[1] In the bankruptcy context, we sit "as a 'second court of review' and thus examine[] independently the factual and legal determinations of the bankruptcy court," employing the same standards of review as the district court. *In re Optical Techs., Inc.*, 425 F.3d 1294, 1299–300 (11th Cir. 2005) (quotation omitted). We review the bankruptcy court's factual findings for clear error and the bankruptcy court's and district court's legal conclusions *de novo*. *Id.* at 1300.

2

Here, Soler filed her voluntary petition on May 12, 2016. Accordingly, the time for a creditor to file a proof of claim expired 70 days later, on July 21, 2016, and Soler's time to file a proof of claim on behalf of a creditor expired 30 days after that, on August 20, 2016. *See* Fed. R. Bankr. P. 3002(c), 3004. Because no proofs of claim had been filed by that date, the bankruptcy court discharged Soler on September 13, 2016. Soler did not file any proofs of claim until September 26, 2016—13 days after her time to do so had expired. Accordingly, Soler has failed to show that the bankruptcy court erred by closing her case when it did.

*Second*, Soler's assertion that the bankruptcy court erroneously required her to file her motion for reconsideration as a motion to reopen even though her case had not yet been closed is belied by the record, as the bankruptcy court *had* closed her case before she filed the motion. Moreover, and in any event, as a practical matter the bankruptcy court's decision had no negative effect on Soler because the court accepted her pleading without requiring a filing fee and addressed all of the arguments that she raised in support of her motion.

*Lastly*, the district court appropriately dismissed Soler's claim challenging the legality of Chase's mortgage on her residence because it was not properly raised before the bankruptcy court or in Soler's district court brief, and could not have been litigated in her bankruptcy proceeding, in any event. *See Johnson v.*

3

*Home State Bank*, 501 U.S. 78, 83 (1991); *In re Espino*, 806 F.2d 1001, 1002 (11th Cir. 1986).

**AFFIRMED.**